IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHANDLER HOUSTON,

    Plaintiff,

v().

SOUTHWEST AIRLINES,

    Defendant.

Case No. 3:17-cv-02610-N-BT

## **MEMORANDUM ORDER**

Before the Court is Defendant Southwest Airlines' (Southwest) Motion for Sanctions (ECF No. 40). Southwest served interrogatories and requests for admission on Plaintiff Chandler Houston, and it maintains that Houston did not respond. In her summary judgment response, however, Houston asserts that she responded to Southwest's interrogatories and requests for admission via email on April 20, 2019, and even followed up with counsel on May 1, 2019, to confirm Southwest's receipt of her answers. Resp. Mot. Summ. J. 5 (ECF No. 34). Southwest objects that Houston's statements are "materially false" and contends that she made them for the improper purpose of avoiding summary judgment. Southwest seeks sanctions under Fed. R. Civ. P. 11 and the Court's inherent power in the form of an order: (1) striking Houston's summary judgment response without leave to amend; (2) granting Southwest's Motion for Summary Judgment; and (3) requiring that Houston pay Southwest $1,015.00 in attorney's fees. Mot. Sanctions 4. Houston did not respond to Southwest's Motion for Sanctions.

1

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party or an attorney who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the cost of litigation. Fed. R. Civ. P. 11(b), (c). "The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts," (*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990)), and to "spare innocent parties and overburdened courts from the filing of frivolous lawsuits," (*Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011)). "However, [Rule 11] sanctions are normally reserved for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or without legal foundation or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (internal footnotes and quotations omitted, emphasis in the original). Among the factors that a court considers in determining whether a person has complied with Rule 11 is his or her *pro se* status. *Thomas v. Capital Sec. Servs. Inc.*, 836 F.2d 866, 875 (5th Cir. 1988). Although the Rule 11 standard applies equally to *pro se* parties as it does to attorneys, a court has "sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed. R. Civ. P. 11 advisory committee's notes.

Courts also have inherent authority to impose sanctions on attorneys when they find that an attorney has "acted in bad faith, vexatiously, wantonly, or for

oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Courts "exercise caution" in invoking their inherent power and should "ordinarily" rely on a rule or statute rather than their inherent power. *Id.* at 50. Nonetheless, in order to award sanctions under its inherent powers, a court "must make a specific finding of bad faith." *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016). Bad faith conduct includes conduct that is motivated by improper purposes such as harassment or delay. *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988) (per curiam). Thus, bad faith conduct resembles conduct that would violate Rule 11(b)(1). *Chambers*, 501 U.S. at 46 n.10.

Here, the Court declines to impose sanctions under either Rule 11 or its inherent powers. The record in this case does not clearly establish that Houston's assertions that she responded to Southwest's discovery requests were made for an improper purpose. Indeed, there is no evidence in the record regarding Houston's intent. She may have honestly, but mistakenly, believed she properly answered Southwest's discovery requests. Sanctions under the Court's inherent authority are inappropriate for the same reason. Accordingly, Southwest's Motion for Sanctions is DENIED.

By denying Southwest's sanctions motion, the Court does not find that Southwest's counsel acted inappropriately or incorrectly represented that Houston failed to answer Southwest's discovery requests. Rather, the Court finds that counsel acted in good faith and with appropriate candor to Houston and to the Court.

**SO ORDERED.**

February 18, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE