IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHANDLER HOUSTON,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES,<br><br>    Defendant. | Case No. 3:17-cv-02610-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Chandler Houston filed a *pro se* civil action against her former employer Defendant Southwest Airlines (Southwest) asserting claims under the Americans with Disabilities Act (ADA). Southwest has filed a Motion for Summary Judgment (ECF No. 31). For the reasons stated, the District Court should GRANT Southwest's summary judgment motion and DISMISS Houston's claims with prejudice.

**Background**

Houston, who allegedly suffers from lupus, worked as a Southwest Airlines Customer Representative for approximately five months—from August 28, 2016 to January 25, 2017. Def.'s App. 001-003 (ECF No. 33); Resp. 2 (ECF No. 34). Southwest fired Houston after it determined she had violated company policies regarding employee computer usage and password sharing. Def.'s App. at 005-006, 026. Houston claims she was fired after she disclosed her health condition to

1

her supervisor and complained that the company failed to make reasonable accommodations for her disability. Resp. 2.

Southwest requires Customer Representatives, like Houston, to adhere to strict work schedules. Customer Representatives must remain at their desks for extended periods of time, taking only scheduled lunches and breaks. Def.'s App. at 008-010. Southwest also requires its employees to comply with company policies on computer usage. *Id.* at 002. Employees are not permitted to use applications not required for customer needs while on customer service calls. *Id.* at 014, 016. And employees are not allowed to share their computer passwords with others or use others' passwords. *Id.* at 018-020.

Between October 5, 2016 and December 7, 2016, Houston violated her work schedule 27 times by taking a longer lunch or break than she was allowed. *Id.* at 003. Accordingly, Southwest issued Houston a written warning that any additional incidents would result in further disciplinary action, up to and including termination. *Id.* at 012. Southwest subsequently observed that Houston frequently used applications unrelated to customer service while on customer service calls, in violation of Southwest employee policies. *Id.* at 003. Consequently, Houston's team leader admonished her regarding the use of such applications while on customer calls. *Id.* at 014. Southwest also discovered that Houston had used another employee's password in a scheduling application, in violation of Southwest employee policies. *Id.* at 004-006.

On January 14, 2017, while on a customer service call, Houston put a customer on hold, logged into an application and made changes to a fellow employee's work schedule, and then resumed the customer call. *Id.* When asked to explain why she had done this, Houston claimed that while on the call, Julio Pichardo, the employee whose schedule she changed, asked to use her computer to make changes to his schedule himself. *Id.* at 004-005, 021. But Southwest later confirmed via security video recordings that Pichardo was not in the building at the time his schedule was changed. *Id.* at 005. Because this incident constituted a violation of both Southwest's policy against using unrelated applications while on customer calls and its policy against password-sharing, Southwest terminated both Houston and Pichardo. *Id.* at 005-006, 026-027.

Houston claims that Southwest discriminated and retaliated against her in violation of the ADA. She avers that her lupus medication causes her to use the restroom often, which she maintains is the reason for her frequent lunch and break overages. *Id.* Houston also alleges Southwest denied her the following accommodations: (1) a space-heater for her anemia-induced sensitivity to cold; (2) an earlier lunch time to help with her fatigue; and (3) the opportunity to go part-time. *Id.* at 2-3. Moreover, Houston describes widespread password-sharing, and she provides examples of four times that she either used another employee's password or another employee used hers. *Id.* at 4.

Southwest filed its Motion for Summary Judgment on multiple grounds, including that Houston's discrimination claim fails because she cannot show: (1)

3

she is a qualified individual with a disability; (2) that Southwest knew about her alleged disability; or (3) that Southwest refused to offer her a reasonable accommodation. Def.'s MSJ Br. 10-14 (ECF No. 32). Southwest further argues that Houston's retaliation claim fails because she cannot establish a prima facie case of retaliation, nor can she show Southwest's reasons for terminating her employment were pretext for retaliation. *Id.* at 15-17. Houston filed a response to the motion but no appendix of evidence in support of her response. Southwest filed a reply. Thus, the Motion for Summary Judgment is fully briefed and ripe for determination.

## **Preliminary Matters**

Southwest asks the Court to deem Houston to have admitted various facts as true because she failed to respond to Southwest's Requests for Admissions. Def.'s MSJ Br. 7-8, 11, 14. Houston denies that she failed to respond to Southwest's discovery requests. In fact, Houston asserts that she received two discovery requests from Southwest, completed them, returned them timely, and even followed up with Southwest as to whether it received her responses. Resp. 5. Southwest disputes Houston's assertions, calling them "materially false," and has filed a separate motion for sanctions under Fed. R. Civ. P. 11 and the Court's inherent power. The Court addresses the sanctions motion by separate Order entered today.

Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of factual matters. Fed. R. Civ. P. 36(a)(1); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). If a party fails to respond to the request

4

within 30 days, the matter is deemed admitted and is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(a)(3), (b). If the request for admission concerns an essential issue, the failure to respond to the request can result in a grant of summary judgment against the non-responding party. *See Carney*, 258 F.3d at 420 n.6 (collecting cases that grant summary judgment on basis of deemed admissions).

Although Houston's self-serving assertions that she responded to Southwest's discovery requests are wholly unsubstantiated, the Court declines to make any finding regarding Houston's credibility or resolve any factual dispute in the context of Southwest's summary judgment motion. As explained below, Southwest is entitled to dismissal of Houston's claims because she failed meet her burden to point to any evidence to raise a genuine issue of material fact with respect to those claims—regardless of whether the Court deems Houston to have admitted the facts identified in Southwest's requests for admission.

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citations omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial.

5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

However, the party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). If a party fails to address another party's assertion of fact as required by Rule 56, the court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *Reeves v. Mkt. Ctr. Mgmt. Co.*, 2014 WL 764145, at *1-2 (N.D. Tex. Feb. 26, 2014) (citing Fed. R. Civ.

P. 56(e)(2)-(3)). The fact that a litigant is proceeding *pro se* in a particular case does not alter these principles. *Id.*

## Analysis

I. <u>Southwest is entitled to summary judgment on Houston's failure-to-accommodate claim.</u>

Houston alleges that despite her requests, she was denied reasonable accommodations for her lupus. Compl. 1. To prevail on her failure-to-accommodate claim, Houston must establish that: (1) she is a qualified individual with a disability; (2) Southwest knew of her disability and the associated limitations; and (3) Southwest failed to make reasonable accommodations. *See* 42 U.S.C. § 12112(b)(5)(A); *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). An individual is disabled for purposes of the ADA if: (1) a physical or mental impairment substantially limits one or more of her major life activities; (2) she has a record of such an impairment; or (3) she is regarded as having such an impairment. 42 U.S.C. § 12102(1).

Moreover, because the ADA requires covered employers to accommodate employees' *known* disabilities and their associated limitations, employees seeking to establish failure-to-accommodate claims must "produce evidence that the employer knew not only of the employee's disability, but also of the physical or mental limitations resulting therefrom." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). Summary judgment is appropriate when the employee has not produced such evidence. *See id.* (affirming summary judgment where plaintiff

7

"failed to present sufficient evidence that he notified [defendant] of his disability or any limitations resulting therefrom[.]").

Houston has not satisfied her burden on summary judgment with respect to any of the elements of her failure-to-accommodate claim. Beyond alleging that she has lupus and consequently must take medicine that causes various symptoms, Houston has not provided or identified in the record specific evidence supporting her claim that she is a qualified individual with a disability. Moreover, Southwest has provided a sworn affidavit in which Southwest's Manager of Daily Operations for Labor states that Southwest regularly keeps records relating to employee requests for accommodations, but that Southwest has no record that Houston informed Southwest she was disabled or asked for an accommodation. Def.'s App. 006. Southwest also provides multiple discussion logs between Houston and her team leader. *See id.* at 013-015, 021. One of these logs catalogues the transaction in which Houston's team leader told Houston she would receive a warning letter regarding her lunch and break overages. *Id.* at 013. Houston's employee response in the discussion log was "nothing[.]" *Id.*

Houston, for her part, only baldly alleges that: (1) in October 2017 she notified her team leader of her disability; (2) in November 2017 she explained to the same team leader that her medication caused her to unexpectedly need to use the restroom; and (3) in December 2017, in response to her team leader's issuance of the warning letter regarding break overages, she reiterated the restroom need. Resp. 1-2. Houston's unsubstantiated and self-serving allegations that Southwest

8

knew she had lupus are not enough to survive summary judgment. *Castillo v. Bowles*, 687 F. Supp. 277, 280 (N.D. Tex. 1988) ("Because the opponent of a summary judgment motion must designate specific facts, it is not enough that he merely restate his claims—general allegations and self-serving conclusions unsupported by specific facts are not adequate.") (citing *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221-22 (5th Cir. 1985); *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978)). Finally, with respect to the third element of her failure-to-accommodate claim, Houston has likewise not pointed to any summary judgment evidence supporting her claim that Southwest failed to make reasonable accommodations.

Because Houston has neither carried her burden to adduce evidence on summary judgment to support her failure-to-accommodate claim nor otherwise pointed to a genuine issue for trial, Southwest is entitled to summary judgment on Houston's failure-to-accommodate claim.

II.   <u>Southwest is entitled to summary judgment on Houston's retaliation claim.</u>

Houston also alleges Southwest retaliated against her for making complaints about Southwest's failure to accommodate her disability. Compl. 1. To succeed on a retaliation claim under the ADA, Houston must establish that: (1) she engaged in a protected activity under the ADA; (2) she suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse action exists. *Feist*, 730 F.3d at 454. Requesting an accommodation and

9

complaining to supervisors about the lack of an accommodation are both protected activities. *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) (per curiam) (noting that requesting reasonable accommodation is generally protected); *Price v. City of Terrell*, 2001 WL 1012697, at *4 (N.D. Tex. August 15, 2001) (noting that complaining about disability discrimination can be a protected activity under the ADA but that complaining solely about general employment conditions is not).

The summary judgment record establishes that Southwest terminated Houston. Def.'s App. 026. Thus, the Court assumes without deciding that Houston suffered an adverse employment action. Yet, Southwest is entitled to summary judgment on Houston's retaliation claim because she has not met her burden on summary judgment with respect to the first and the third elements of her claim. Indeed, Houston has not adduced summary judgment evidence that she engaged in a protected activity by asking for an accommodation or complaining about not receiving one, nor pointed to a genuine issue for trial. Southwest provides a sworn affidavit stating that Southwest has no record that Houston ever requested an accommodation on account of a disability. *Id.* at 006. It also provides discussion logs indicating that at certain times Houston alleges she mentioned her need for accommodations—for example, after receiving her warning letter for break overages—Houston made no such mention. *Id.* at 013-015, 021.

Houston only alleges, without providing supporting material, that in December 2017, she asked to go part-time to accommodate her need to use the

restroom frequently and asked for a space-heater to accommodate her cold sensitivity. Resp. 2-3. She alleges each of these requests was denied. *Id.* These allegations are insufficient to survive summary judgment on her retaliation claim because, as mentioned above, general allegations and self-serving conclusions unsupported by specific facts are not adequate at the summary judgment stage. Southwest has tendered summary judgment evidence—particularly, an affidavit—demonstrating that there is an absence of evidence to support Houston's claim. However, Houston has not identified specific evidence in the record supporting her claim. And the Court does not have to search for it. *Ragas*, 136 F.3d at 458. *See also Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 317 (5th Cir. 2013) (per curiam) (affirming summary judgment on FMLA retaliation claim where plaintiff failed to show he was engaged in FMLA protected activity or that employer was aware of such activity); *Reilly v. Capgemini Am., Inc.*, 2007 WL 945685, at *8 (N.D. Tex. Mar. 28, 2007) (granting summary judgment on ADA retaliation claim because there was no evidence employer knew of employee's protected activity).

Because Houston has neither carried her burden to adduce evidence on summary judgment to support her retaliation claim nor otherwise pointed to a genuine issue for trial, Southwest is entitled to summary judgment on Houston's retaliation claim.

## Recommendation

For the foregoing reasons, Southwest's Motion for Summary Judgment (ECF No. 31) should be GRANTED. All Houston's claims and causes of action against Southwest should be DISMISSED with prejudice.

**SIGNED** February 18, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).